```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-60815-CIV-ZLOCH
```

SCRATCH GOLF, LLC, d/b/a
JACARANDA GOLF CLUB,

      Plaintiff,

vs.                                                    **O R D E R**

LEXINGTON INSURANCE COMPANY,

      Defendant.
_____/

      THIS MATTER is before the Court upon Defendant Lexington Insurance Company's Motion For Summary Final Judgment (DE 28). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      This action concerns the question of liability under an insurance contract for property damage cause by Hurricane Wilma to Plaintiff's real property. Defendant's instant Motion seeks a determination that this suit is untimely filed based on the provision limiting the time to file suit agreed to by the Parties in their contract. For the reasons expressed more fully below, the Court finds that this action was timely filed.

## I. Background

      Defendant Lexington Insurance Company issued an all-risks commercial insurance policy (hereinafter "the policy") to The United Company for the period of April 1, 2005, to April 1, 2006.[1] The policy was issued in Virginia. The United Company is the sole

---

[1] These facts are taken from the Parties' excellently drafted Statements of Undisputed Facts (DE 28, pp. 2-3; DE 31, pp. 2-5) and are undisputed.

member of Plaintiff Scratch Golf, LLC, and the properties owned or operated by it are covered by the policy.  The policy contains a provision that requires any suit to compel payment to be filed within twenty-four months of the inception of any loss claimed.

Plaintiff operates Jacaranda Golf Club in Broward County, Florida.  On October 24, 2005, Hurricane Wilma struck Florida, causing damage to Plaintiff's golf club.  The Parties then engaged claims adjustment proceedings immaterial to this Order.  On May 30, 2008, Plaintiff initiated this action for breach of contract, arguing that Defendant is liable under the policy but has not made payment.  On July 29, 2008, Defendant made a partial payment of $2,289,327.93 to The United Company under the policy for the damages to Plaintiff's golf club caused by Hurricane Wilma.  DE 31, Ex. A, ¶¶ 15-16.  In March of 2009, Defendant filed the instant Motion arguing that it is not liable at all under the policy because this action was filed after the expiration of twenty-four months from the inception of the loss.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quotation omitted). Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Analysis

The question presented in the instant Motion is whether this suit is barred by the Parties' agreed-to limitations period. The policy contains the following language: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless . . . commenced within twenty-four months next after inception of the loss." DE 1, p. 52. The answer depends in part on what State's law applies. Under Florida law, the above-quoted provision is void. See Fla. St. § 95.11(2)(b)

3

(five year statute of limitations to sue on a contract or written instrument); id. § 95.03 (any provision in a contract limiting time to sue to a period less than allowed by law is void).  Virginia law would allow the limitation.  Massie v. Blue Cross and Blue Shield of Va., 500 S.E.2d 509, 511 (Va. 1998) (citation omitted).

A federal court sitting in diversity must apply the substantive law of the forum in which it sits.  28 U.S.C. § 1652 (2006); Ward v. Estaleiro Itajai S/A, 541 F. Supp. 2d 1344, 1346-47 (S.D. Fla. 2008).  This includes the forum state's choice of law rules.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941).

The Eleventh Circuit, in two successive published opinions, has ruled that Florida law applies to contracts of insurance for real property located in Florida.  LaFarge Corp. v. Travelers Indemnity Co., 118 F.3d 1511, 1516 (11th Cir. 1997); Shapiro v. Assoc. Int'l Ins. Co., 899 F.2d 1116, 1118-21 (11th Cir. 1990). These opinions find a distinction made in Florida contract law as follows: Florida law applies the doctrine of lex loci contractus in the case of automobile insurance, which by definition covers movable property.  Thus, the law to be applied must be fixed and Florida has chosen that of the place where the contract was made. LaFarge, 118 F.3d at 1515-16.  In the case of insurance for real property, which by definition covers immovable property, Florida law would apply the substantial relationships test, which usually means Florida law.  Id.  The Court is bound by these decisions and finds that the two year limitation found in the policy at issue is void.  Fla. St. §§ 95.03; 95.11(2)(b).

In the alternative, and for the benefit of the Parties and any reviewing court, the Court will analyze the instant Motion as if Virginia law applied.  Under Virginia law, the policy's two-year limitation period is allowable.  See Massie, 500 S.E.2d at 511 (citation omitted).  However, the issuer of a policy with a truncated period in which to file suit may waive such protection by making payment or partial payment under the policy.  Hartford Fire Ins. Co. v. Mut. Savings and Loan Co., Inc., 68 S.E.2d 541, 545-46 (Va. 1952); A & E Supply Co., Inc. v. Nationwide Mut. Fire Ins. Co., 589 F. Supp. 428, 430 (W.D. Va. 1984).  In Hartford, the Virginia Supreme Court pronounced its rule that "where an insurer, with knowledge of the breach of a condition pays the amount of loss ascertained . . . or partially pays any loss under the policy, it recognizes the policy as still in existence and must be considered to have waived its defense."  Hartford, 68 S.E.2d at 545 (quotation omitted).

Under the explicit terms of the policy in the instant action, Plaintiff's suit would be untimely because it was filed more than two years after the inception of the loss.  In July of 2008, however, well after the expiration of the two year period and during the pendency of this action, Defendant made partial payment under the policy for the loss caused by Hurricane Wilma.  After making that partial payment, Defendant now tries to argue this action is untimely.  Virginia law is clear that "[w]here a right to rely upon a forfeiture has been once waived it cannot be revived." Hartford, 68 S.E.2d at 545; citing Monger v. Rockingham Home Mut. Fire Ins. Co., 31 S.E. 609 (Va. 1898).  Thus, Defendant has waived

5

this defense.

## IV. Conclusion

The Court has ruled that Florida law applies to this action and, thus, it was timely filed. In the alternative, if Virginia law applied to this action, the Court finds that Defendant has waived its timeliness defense by making partial payment under the policy. Thus, Defendant's instant Motion shall be denied.

The Court notes that, while Shapiro and LaFarge Corp. are controlling on the question of applicable law, the Eleventh Circuit may be positioned to someday soon reverse itself on this question. First, recent language coming out of the Florida Supreme Court at least suggests that Florida's choice of law rules would dictate that Virginia law controls this action. See State Farm Mut. Auto. Ins. Co. v. Roach, 945 So. 2d 1160, 1163-64 (Fla. 2006) (analyzing Florida's use of the lex loci contractus doctrine in contract law generally, with no further distinction within contract law as found in LaFarge). Second, the Eleventh Circuit, subsequent to Roach, recently certified to the Supreme Court of Florida the question of whether the lex loci contractus doctrine applies to a dispute over coverage of a policy of insurance for contractor operations located in Florida, which are by definition fixed within Florida. U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp., 550 F.3d 1031, 1035 (11th Cir. 2008). The Eleventh Circuit's docket reflects that the parties to that case stipulated to the dismissal of the appeal, and thus the certified question was withdrawn. See Eleventh Circuit Court of Appeals Case No. 08-10544-JJ. It is worth noting,

however, that the court certified the question at all.[2]  Thus, if the Eleventh Circuit decisions dictating that Florida law applies to this action are to be overruled, and if the Court is further incorrect in its holding that Defendant waived the two-year limitation under Virginia law, the Court notes that this action may be dismissed as untimely.  Therefore, the Court finds that this order involves "a controlling question of law as to which there is a substantial ground for difference of opinion" and the immediate appeal of which "may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Lexington Insurance Company's Motion For Summary Final Judgment (DE 28) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    6th    day of May, 2009.

                                    _____
                                    WILLIAM J. ZLOCH
                                    United States District Judge

Copies furnished:

All Counsel of Record

---

[2] Because the appeal was dismissed and the certified question was withdrawn, the Court denies Defendant's request (DE 28, p. 10) to stay this action until the certified question is returned.